LIBERTY ENGINEERING AND MANUFACTURING COMPANY, Appellant,

v.

Donald R. GRANGER, and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

March 18, 1977.

**846**

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellant.

Thomas E. Harris, Fowler, Rouse, Measle & Bell, Lexington, for appellees.

Before MARTIN, C. J., and VANCE and WILHOIT, JJ.

VANCE, Judge.

The question presented by this appeal is whether a worker who has sustained an injury of appreciable proportions but who has returned to work at an increase in pay may be awarded permanent-partial benefits in excess of his functional disability rating.

Under *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968), loss of earnings was established as the measure of occupational disability but even where no immediate loss of wages existed the board could make an award of permanent-partial occupational disability when the worker had suffered an injury of appreciable proportions which probably would shorten his work life or lessen his employment opportunities.

KRS 342.730(1)(b), enacted in 1972, provides:

"(b) In all other cases of partial disability * * * the individual entitled to benefits under permanent partial disability shall be entitled to compensation based on *lost wages* or body functional disability benefits, whichever is greater * *."

Appellant contends that this statute supersedes and modifies the holding in *Osborne* to the extent that the standard for determining an award for permanent-partial disability is no longer *occupational disability* but lost wages or *body functional disability*, whichever is greater.

This identical question was considered by the Supreme Court of Kentucky in *Couliette v. International Harvester Co.*, Ky., 545 S.W.2d 936 (1977). It was held that language contained in KRS 342.620(9), which is identical to the language of KRS 342.730(1)(b), does not modify the principles established in *Osborne v. Johnson*, supra.

It is our conclusion that "lost wages" as used in KRS 342.730(1)(b), refers to either a present loss of wages or probable future loss of wages as a result of shortening of work life or reduction of future work opportunities caused by an injury of appreciable proportions.

The award of benefits in excess of the percentage of functional disability was proper. Accordingly, under the authority of *Couliette v. International Harvester Co.*, supra, the judgment is affirmed.

All concur.